IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETE DILL, a/k/a DARRYL TUCKER, | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION NO. 14-2278 |
| | : | |
| v. | : | |
| | : | |
| WARDEN D. ZICKEFOOSE, | : | |
| | : | |
| Respondent. | : | |

## MEMORANDUM OPINION

Smith, J.                                                                                                August 4, 2014

Presently before the court is a petition for a writ of habeas corpus that the petitioner, Pete Dill, a/k/a Darryl Tucker, originally filed in the United States District Court for the Middle District of Pennsylvania. Pet. for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Pet."), Doc. No. 1-1. In addition, the court considers the petitioner's objection to the transfer of venue from the Middle District to the Eastern District of Pennsylvania. Mot. in Objection to Transferring this Case in Light of 28 U.S.C. § 2241(a)'s Respective Jurisdiction Clause ("Mot."), Doc. No. 2. For the reasons set forth below, the court will dismiss the instant petition for lack of jurisdiction. The court will also deny the motion objecting to the transfer of venue because the interest of justice would not be served by transferring this action to another forum.

### I.  PROCEDURAL HISTORY[1]

On November 10, 1997, a jury convicted the petitioner of robbery and conspiracy in the Eastern District of Pennsylvania. The late Judge Marvin Katz sentenced the petitioner on March 24, 1998, to a term of imprisonment of 262 months. Doc. No. 258. Although the petitioner filed

---

[1] The petitioner references the underlying criminal action in his petition for a writ of habeas corpus. That action is docketed at *United States v. Tucker*, No. 97-cr-203-3. All references relating to documents filed before February 28, 2014, the date the instant petition was filed, are taken from this docket.

an appeal, the Third Circuit affirmed the conviction. After exhausting the direct appeal process, the petitioner filed his first section 2255 motion on November 6, 2000, attacking the validity of both his conviction and sentence. Doc. No. 309. Judge Katz denied this motion on January 12, 2001. Doc. No. 323. The Third Circuit denied a request for a certificate of appealability on December 24, 2003. Doc. No. 346. On September 1, 2006, the petitioner filed a subsequent petition again contesting the validity of his conviction. Doc. No. 403. Judge Katz denied this motion on October 12, 2006. Doc. No. 410. The Third Circuit dismissed the appeal for lack of jurisdiction on September 14, 2007. Doc. No. 437.

On March 31, 2008, the petitioner filed a motion to make additional findings of fact. Doc. No. 450. The Honorable James T. Giles dismissed this motion on August 29, 2008. Doc. No. 458. In response to this dismissal, the petitioner filed a request for a certificate of appealability, which the Third Circuit denied on March 19, 2009, after noting that the "second or successive petition" rule played a role in the trial court's dismissal. Doc. No. 473. The petitioner filed a motion on April 17, 2012, attacking the validity of his sentence once more. Doc. No. 475. The Honorable Robert F. Kelly dismissed this motion on April 25, 2012, as an unauthorized second or successive petition. Doc. No. 476. The petitioner then filed a motion on November 29, 2012, requesting an evidentiary hearing with respect to his sentence. Doc. No. 479. Judge Kelly denied this motion on December 14, 2012, for the reasons stated in the April 25, 2012 order. Doc. No. 481. The Third Circuit denied a request for a certificate of appealability on June 4, 2013. Doc. No. 485.

On February 28, 2014, the petitioner filed the instant Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 in the Middle District of Pennsylvania challenging the validity of his March 24, 1998, sentence. *See* Pet. On April 17, 2014, the Honorable Robert D. Mariani adopted the Report and Recommendation of United States Magistrate Judge Martin C. Carlson

and transferred this matter to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404. April 17, 2014 Order, Doc. Nos. 1-5, 1-7. The petitioner subsequently filed a motion on May 13, 2014, objecting to the transfer of venue as running afoul of the jurisdictional requirements of 28 U.S.C. § 2241. *See* Mot.

## II.     DISCUSSION[2]

At the outset, the court notes the unique jurisdictional posture of this matter.[3] The petitioner filed a section 2241 petition in the Middle District of Pennsylvania, presumably because he is currently confined in USP-Allenwood, a facility embraced by the Middle District, and section 2241 petitions are jurisdictionally cognizable only in "the district of confinement." *United States v. Craft*, 514 F. App'x 91, 93 (3d Cir. 2013). After determining that this matter "should be addressed in the Eastern District of Pennsylvania as a petition under 28 U.S.C. § 2255," Magistrate Judge Carlson recommended that this matter either be dismissed or transferred to the Eastern District "for *possible* consideration as a motion to correct sentence under 28 U.S.C. § 2255." Report and Recommendation at 2, Doc. No. 1-5 (emphasis added). In adopting Magistrate Judge Carlson's recommendation, Judge Mariani transferred "Petitioner's Petition for a Writ of *Habeas Corpus*" to the Eastern District without further instruction. *See* April 17, 2014 Order.

The Report and Recommendation relied on 28 U.S.C. § 1404 as the procedural mechanism to accomplish the transfer.[4] *See* Report and Recommendation at 7-10. While habeas petitions are indeed amenable to a section 1404 transfer in appropriate circumstances, there

---

[2] "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Section 2255 R. 4(b).
[3] "[I]t is familiar law that a federal court always has jurisdiction to determine its own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, 628 (2002).
[4] The court notes the existence of 28 U.S.C. § 1631, which allows a court to remedy a jurisdictional defect by transferring an action to a jurisdictionally proper court if to do so would serve the "interest of justice." 28 U.S.C. § 1631.

appears to be serious doubt that "an inter-district transfer of a section 2241 petition may be made from the district of confinement to the district of sentencing to continue to be treated after transfer as a section 2241 petition." *In re Nwanze*, 242 F.3d 521, 526 (3d Cir. 2001). Thus, whether this transfer is properly construed under section 1404 or section 1631, this court can only consider the instant petition if it is characterized as a section 2255 motion because the Eastern District is the district of sentencing and not the district of confinement.[5]

The court, though, also appreciates that the petitioner has expressed a clear intent to proceed under section 2241. Not only has the petitioner expressed a coherent reason for wishing to proceed under section 2241 in his initial habeas petition, but he has also filed a motion objecting to the transfer of venue that is intelligible only if the court continues to characterize the instant petition as proceeding under section 2241. As recognized by the petitioner himself, however, the court is without power to give effect to this intent.[6] The court is therefore left to consider the instant petition as a section 2255 motion. *See Johnson v. United States*, 532 F. App'x 101, 102 (3d Cir. 2013) (confirming that a section 2241 petition attacking the validity of a federal conviction or sentence is properly construed as a section 2255 motion upon transfer to the sentencing court).

So characterized, the court is equally without power to consider the petitioner's request for relief because it amounts to an unauthorized second or successive section 2255 motion. *See United States v. Rodriguez*, 327 F. App'x 327, 329 (3d Cir. 2009) (explaining that "district courts lack jurisdiction over second or successive § 2255 motions without proper authorization from a panel of the court of appeals"). Quite simply, the petitioner has failed to obtain the required

---

[5] Because the petitioner has previously filed a section 2255 motion, the court is not required to provide *Miller* warnings. *See Hatches v. Schultz*, 381 F. App'x 134, 136 (3d Cir. 2010) (observing that a district court is not required to give *Miller* warnings when recharacterizing a pleading as something other than a first section 2255 motion).

[6] Again, "[a] § 2241 petition must be filed in the district where the petitioner is confined." *Jennings v. Holt*, 326 F. App'x 628, 630 (3d Cir. 2009). The thrust of the petitioner's motion rests squarely on this proposition. *See* Mot.

4

authorization to proceed with a section 2255 motion. In fact, the petitioner concedes this point. *See* Mot. at 2 (maintaining that "Petitioner can not get around the gate keeping of Second and Successive application").

Given the court's lack of jurisdiction to consider the petitioner's request for relief in any manner, the court must either dismiss the petition without prejudice or transfer it to another forum pursuant to section 1631. A court can undertake a section 1631 transfer "if it is in the interest of justice." 28 U.S.C. § 1631. In making this determination, a court can "consider the consequences of transfer." *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999). If the case is likely to be dismissed in the prospective transferee forum, the prospective transferor court should dismiss the action. *See id.* at 610-11.

In his motion, the petitioner requests that the court transfer the petition back to the Middle District, as the district of confinement, to be considered under section 2241. *See* Mot. at 1, 5. Unfortunately for the petitioner, he has failed to satisfy the narrow exception necessary to proceed under section 2241. Accordingly, the court will deny the petitioner's motion objecting to the transfer of venue from the Middle District to this court. Given the disposition of the petitioner's prior requests for relief and his statement that he is unable to meet the gatekeeping requirements for filing a second or successive section 2255 motion, the court will likewise decline to transfer this matter to the Third Circuit. In addition, the petitioner has failed to show that he can meet the statutory requirements for filing a second or successive section 2255 motion. 28 U.S.C. § 2255(h).

To the extent that the instant petition is construed as a section 2255 motion, the court will not issue a certificate of appealability because the petitioner cannot show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

5

right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### III.   CONCLUSION

For the reasons set forth above, the court will dismiss the instant petition without prejudice for lack of jurisdiction. The court will also deny the motion objecting to the transfer of venue. An appropriate order follows.

BY THE COURT:


*/s/ Edward G. Smith*
EDWARD G. SMITH, J.